HARRIMAN NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12313.   Promulgated October 11, 1929.

*George Roscoe Davis, Esq.,* and *H. Kennedy McCook, Esq.,* for the petitioner.

*R. W. Wilson, Esq.,* for the respondent.

872

STERNHAGEN: The petitioner seeks, by its petition, to bring itself within section 327 (d), Revenue Act of 1918. In our opinion, however, the evidence fails to establish any such abnormal condition of capital or income as the statute prescribes.

Three factors are relied upon. First, that the leasehold interest acquired by petitioner in 1911 was a valuable asset, the omission of which from invested capital is evidence of abnormality. But the evidence consists only of the opinions of two witnesses whose hypotheses were so inadequate as to leave their valuation utterly unconvincing. But even assuming that the value were satisfactorily established, it would not demonstrate the necessary applicability of section 327, but perhaps only that invested capital under section 326 may have been inadequately computed. Second, that the ratio of deposits to capital and surplus was higher than the average ratio of certain other banks. We see no reason to suppose that Congress intended to treat such average as a standard of normality, even if it were to be confined to banks of approximately the same reported capital and surplus. With differences in degree, every bank uses depositors' accounts in its business. Under no circumstances is it conceivable that they should be treated as invested capital; being rather an indication of successful current banking. Leaving aside the weakness of purely mathematical computations with no evidence of the deeper substance, we think such a computation, even if more elaborate, is not sufficient evidence of such an abnormality as is contemplated by the statute. Third, that the acquisition of 3,852 accounts from the predecessor without any asset value on account thereof being included in invested capital brings it within section 327. The proof of asset value is again unsatisfactory. It is predicated upon a statistical average of the subsequent cost of a new account department, without showing that such average cost should reasonably be applied to the accounts of its predecessor, or that if so, such cost is equivalent to value when so acquired. Had actual value of such acquired accounts been shown, it would serve rather to affect invested capital under section 326 than to prove an abnormal condition.

*Judgment will be entered under Rule 50.*